Chepak v. Metropolitan Hospital

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **GUIDO CALABRESI,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

———————————————————————

**Mary Ellen Chepak,**

> *Plaintiff-Appellant*,

> v.                                                    13-1726

**Metropolitan Hospital,**

> *Defendant-Appellee*.

———————————————————————

**FOR PLAINTIFF -APPELLANT:**           Mary Ellen Chepak, *pro se*, Mastic Beach, New York.

**FOR DEFENDANT-APPELLEE:**           Suzanne Colt, Assistant Corporation Counsel (Pamela Seider Dolgow, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and the case is REMANDED for further proceedings.

Appellant Mary Ellen Chepak, *pro se*, appeals from a final judgment dismissing her complaint alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206, *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law §§ 296(1)(a), 296(7), pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

We review *de novo* a district court's judgment dismissing an action for failure to state a claim. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To survive a motion to dismiss, a complaint alleging workplace discrimination and retaliation need not allege specific facts establishing a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Boykin v. KeyCorp, 521 F.3d 202, 212-13 (2d Cir. 2008), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). Nor must the plaintiff allege facts sufficient to defeat summary judgment. See Swierkiewicz, 534 U.S. at 511. At the pleading stage, we consider only whether the complaint includes factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007). The standard is one of "flexible plausibility," Boykin, 521 F.3d at 213 (internal quotation mark omitted), sometimes requiring a pleader to amplify her complaint with sufficient factual allegations to "nudge[] [her] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570. In conducting this analysis, we must accept as true all plausible allegations of fact and draw all reasonable inferences in favor of the plaintiff. Harris, 572 F.3d at 71. When applying these standards to *pro se* complaints, we review such complaints with "special solicitude," interpreting them to raise the "strongest [claims] that they *suggest*." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted). Accordingly, a district court "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted), unless such leave to amend would be futile, id.

In light of the foregoing principles, we find that the district court erred in dismissing the complaint for failure to state a claim. Chepak's complaint, on its face, was sufficient to give Metropolitan Health fair notice of her claims and the grounds upon which they rested. See Swierkiewicz, 534 U.S. at 512. "The Equal Pay Act . . . prohibits employers from discriminating among employees on the basis of sex by paying higher wages to employees of the opposite sex for 'equal work . . . .'" Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999), quoting 29 U.S.C. § 206(d)(1). To prevail on an EPA

3

claim, Chepak would have to demonstrate that "i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions." Id. (internal quotation marks omitted). Chepak alleged that she was given a different title, but required to do the same job for less pay, as her male predecessors. In light of Chepak's *pro se* status, those allegations were sufficient to survive a motion to dismiss.

We reach the same conclusion regarding Chepak's Title VII discrimination claim.[1] Chepak's complaint alleged that she is a woman, that she sought promotion to a status and pay level held by similarly situated males, and was denied. Especially in light of her *pro se* status, those allegations were sufficient to state a claim.

The district court dismissed Chepak's EPA and Title VII discrimination claims based on the job descriptions submitted by Metropolitan Health. While a district court considering a motion under Rule 12(b)(6) may consider documents upon which the complaint relies, see, e.g., Leonard F. v. Isr. Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999), we need not decide whether a complaint that alleges employment discrimination necessarily incorporates by reference the employee's job description. Whether or not the job descriptions may sometimes be considered on a motion to dismiss,

---

[1] Claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII. Torres v. Pisano, 116 F.3d 625, 629, n.1 (2d Cir. 1997). We therefore address Chepak's Title VII and New York State Human Rights Law claims simultaneously.

4

it is clear that the job content and not job title or description is the standard for determining whether there was a violation of the anti-discrimination laws. See Marshall v. Building Maint. Corp., 587 F.2d 567, 571 (2d Cir. 1978). Even if the job descriptions were properly considered in reviewing defendant's motion, the job descriptions at most raise issues of fact, and do not, by themselves, provide a basis for dismissing Chepak's claims.

The district court correctly concluded that Chepak failed to state a retaliation claim. However, because, as noted below, Chepak will be allowed to replead on remand, we conclude that in light of her *pro se* status, Chepak should be permitted to replead if she believes that she can cure the deficiencies noted by the district court in dismissing that claim.

Finally, the district court correctly concluded that Metropolitan Hospital was not a proper defendant, but erred in not granting Chepak leave to amend to name the correct defendant, a technical change that could easily be accomplished.

Accordingly, we VACATE the judgment of the district court and REMAND the case with instructions that Chepak be permitted to file an amended complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5